IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**THE GREEN PET SHOP ENTERPRISES, LLC,**

    Plaintiff

v.

**COMFORT REVOLUTION,**

    Defendant.

Complaint for a Civil Case

Case No. 3:20-cv-00018

# COMPLAINT

NOW COMES Plaintiff The Green Pet Shop Enterprises, LLC ("Green Pet Shop"), by and through its attorneys, for its Complaint against Defendant Comfort Revolution states as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent No. 8,720,218 (the "'218 Patent").

## THE PARTIES

2. Plaintiff The Green Pet Shop Enterprises, LLC ("Green Pet Shop") is an Illinois limited liability company having a place of business at 770 Lake-Cook Rd., Suite 120, Deerfield, Illinois 60015. Green Pet Shop manufactures and brings to market high quality, unique, and eco-friendly pet products.

3. On information and belief, Defendant Comfort Revolution ("Comfort

Revolution") is a North Carolina limited liability company having a principal place of business located at 421 Penham St., Suite 310, Charlotte, North Carolina 28203.

## JURISDICTION

4. This action arises under the patent laws of the United States, e.g., 35 U.S.C. §§ 1 et seq., 271, 281, 283-285. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1400(b) because Comfort Revolution is incorporated in the State of North Carolina.

6. Defendant is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Defendant because it has engaged in continuous, systematic and substantial activities within this judicial district, including the marketing and sales of products in this judicial district. Furthermore, upon information and belief, this Court has personal jurisdiction over Defendant in this case because it has committed acts giving rise to Green Pet Shop's claims within and directed to this judicial district.

## FACTUAL BACKGROUND

### A. Patents In Suit

7. The '218 Patent is called "Pressure Activated Recharging Cooling Platform" and relates to cooling platforms for a variety of uses, including for pets. The inventor of the '218 Patent is Gerard E. Prendergast. The '218 Patent was filed on April 14, 2010. On May 13, 2014, the United States Patent and Trademark Office issued the '218 Patent.

8. The application leading to the '218 Patent was assigned to Green Pet Shop on February 9, 2012. Green Pet Shop is the lawful owner by assignment of all rights, title and interest in and to the '218 Patent and possesses all rights of recovery under the '218 Patent, and has standing to sue for infringement of the Green Pet Shop Patent. A true and correct copy of the '218 Patent is attached hereto as Exhibit 1.

9. The '218 Patent is valid and enforceable.

### B. Accused Product

10. Comfort Revolution makes, imports into the United States, offers for sale, sells, and/or uses in the United States products, including, without limitation, the Therapedic Cooling Gel & Memory Foam Pillow ("Accused Product"). See Exhibit 2. Comfort Revolution's infringement may include additional products, services and technologies (to be determined in discovery).

11. The Accused Product is covered by at least claims 15, 16, 18, and 19 of the '218 Patent.

12. On information and belief, Therapedic also offers other infringing products with cooling gel under its "Comfort Revolution" brand. Those products include the following: Hydraluxe Cooling Gel Pillow, Hydraluxe Gel Dual-Sided Cooling Pillow, Hydraluxe Air Down Alternative Cooling Pillow, Hydraluxe Cooling Gel Slim Memory Foam & Fiber Pillow, Ultraluxe 30 Comfort Gel Pillow, Hydraluxe Gel Cool Case, Hydraluxe Cooling Cubes Pillow, Made Memory Foam Gel Pillow, Hydraluxe Reversible Gusset Gel Pillow, and Hydraluxe Cooling Memory Foam Topper.

### C. Notice of Infringement

13. On December 12, 2018, counsel for Green Pet Shop notified Comfort Revolution that it's Accused Product infringed one or more claims of the '218 Patent. Exhibit 2.

14. Along with its letter, Green Pet Shop included a claim chart showing how the Accused Product was covered by the limitations in Claim 15 of the '218 Patent.

15. Comfort Revolution has continued to manufacture, import and offer for sale the Accused Product.

### D. Green Pet Shop Commercial Embodiment

16. Green Pet Shop sells a product called "Cool Pet Pad." The Cool Pet Pad is covered by the '218 Patent. Green Pet Shop began marking its Cool Pet Pad product with one or both of its patent numbers no later than 2014.

### E. Prior Litigation

17. Green Pet Shop has already litigated to judgment a patent infringement lawsuit against a seller of cooling pads for pets called Maze Innovations, Inc. (Case No. 15-cv-1138) in the Northern District of Illinois.

18. During that lawsuit, Maze petitioned for an inter partes review based on the allegation that the Green Pet Shop Patents were invalid. The United States Patent and Trademark office rejected that petition and did not institute a review of the Green Pet Shop Patents.

19. Also during that lawsuit, Maze argued a claim construction that it believed would allow it to avoid a finding of infringement. The judge presiding over that case issued a claim construction decision that rejected Maze's attempted construction and adopted Green Pet Shop's proposed construction.

20. After the rejection of its inter partes review petition and its proposed claim constructions, Maze settled that lawsuit and admitted that the Green Shop Patents were valid and infringed.

21. Before it filed this Complaint, Green Pet Shop informed Comfort Revolution about the Maze lawsuit, including the information set forth in Paragraphs

16-19 above.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,720,218

22. Green Pet Shop incorporates each of the preceding paragraphs as if fully set forth herein.

23. Comfort Revolution has been and is now infringing, literally and/or under the doctrine of equivalence, the '218 Patent in this District and elsewhere by making, using, offering for sale, importing, and/or selling products that fall within the scope of at least one claim of the '218 Patent without license or authorization. Such acts constitute infringement under at least 35 U.S.C. § 271 (a).

24. Upon information and belief, Comfort Revolution has been aware of the '218 Patent since at least approximately July 17, 2012, when the '218 Patent was first published by the United States Patent and Trademark Office, and again on October 18, 2018, when a notice of infringement was sent to Comfort Revolution on behalf of Green Pet Shop. Comfort Revolution responded that it had relevant prior art but when Green Pet Shop's counsel asked to be provided with that alleged prior art, counsel for Comfort Revolution failed to respond.

25. As a direct and proximate consequence of the infringement, Green Pet Shop has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to

relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

26.     Green Pet Shop is entitled to recover from Comfort Revolution the damages sustained by Green Pet Shop as a result of Comfort Revolution's wrongful acts in an amount subject to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Green Pet Shop asks this Court to enter judgment against Comfort Revolution and against its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.  An adjudication that Comfort Revolution has infringed one or more of the claims of the '218 Patent.

B.  The ascertainment of and award to Green Pet Shop of actual and treble damages from the infringement of one or more claims of the '218 Patent, together with prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284.

C.  A finding that this case is exceptional and the award of reasonable attorneys' fees, costs, and expenses in this action to Green Pet Shop, pursuant to 35 U.S.C. § 285.

D.  The issuance of a preliminary and/or permanent injunction prohibiting further infringement and inducement of infringement of the Green Pet Shop Patent pursuant to 35 U.S.C. § 283.

E.  An order requiring that Comfort Revolution account for all gains, profits, and advantages derived by its infringement of the '218 Patent in violation of 35 U.S.C. § 271, and that Comfort Revolution pay to

  Green Pet Shop all damages suffered by Green.

F. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Green Pet Shop demands a trial by jury on all issues so triable.

  Respectfully Submitted,

Dated: January 9, 2020  **CARLSON, GASKEY & OLDS, P.C.**

  By: /s/ Timothy C. Bradley
  Timothy C. Bradley (N.C. State Bar No. 41119)
  Carlson Gaskey & Olds, P.C.
  400 W. Maple, Suite 350
  Birmingham, Michigan 48009
  Telephone: (248) 988-8360
  Email: tbradley@cgolaw.com

  *Attorneys for Green Pet Shop Enterprises LLC*